Document Number  Case Number
007  06-C-0322-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
10/06/2006 02:49:26 PM CDT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ALUMNI RESEARCH
FOUNDATION and NATURAL ASA,

                Plaintiffs,

v.

ARKOPHARMA, LLC and
HEALTH FROM THE SUN,

                Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

06-C-322-C

---

This court held a telephonic preliminary pretrial conference on October 5, 2006. Plaintiffs appeared by David G. Hanson. Defendants appeared by Perry H. Friesler. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it.

1. **Amendments to the Pleadings: November 17, 2006**

Amendments to the pleadings pursuant to Rules 13-15 and 20-21 must be filed and served not later than the date set forth above. The court routinely accepts amendments filed within the deadline. A party may not amend its pleadings after the deadline without leave of court, which will be granted only upon a showing of good cause for the late amendment

and lack of prejudice to the other parties. The longer a party waits to seek leave to amend, the less likely the court will allow amendment.

2.	**Claims Construction Hearing:  February 16, 2007 at 9:00 a.m.**

The parties will exchange disputed claims by February 2, 2007. Responses must be filed and served by February 9, 2007.

3.	**Disclosure of Liability Experts:  Proponents: March 9, 2007**

**Respondents: April 6, 2007**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2)(A), (B) and (C). There shall be no third round of rebuttal expert reports. Supplementation pursuant to Rule 26(e)(1) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may modify these deadlines and procedures only by unanimous agreement or by court order.

4.     Deadline for Filing Dispositive Motions: April 20, 2007

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to any dispositive motion must be filed and served within 21 calendar days of service of the motion, which the court presumes is the date the motion is filed with the court. Any reply by the movant must be filed and served within 10 calendar days of service of the response, which the court presumes to be the date the response is filed with the court. A party is not entitled to additional time under Rule 6(a) or Rule 6(e) to file and serve documents related to a dispositive motion. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

5.   **Disclosure of Damages Experts:  Proponents: May 25, 2007**

                                  **Respondents: June 22, 2007**

The requirements of paragraph 3 apply to these disclosures as well.

6.   **Settlement Letters: July 13, 2007**

Counsel for each party must submit to the clerk of court a settlement letter not later than the date set forth above. The letter should contain the terms and conditions upon which counsel's client(s) would agree to settle this case. Such letters should be filed in an envelope clearly marked ''Under Seal'' and should not be sent to opposing counsel. Such letters will not become part of the record in this case. Upon receipt of the letters, the court will initiate settlement discussions with counsel.

7.   **Discovery Cutoff: July 20, 2007**

All discovery in this case must be completed not later than the date set forth above, absent written agreement of all parties to some other date. Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37.

Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to

interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

Deposition transcripts *shall* be filed with the court promptly after preparation. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rules 37(a)(4) and 37(b)(2).

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within five calendar days of service of the motion, which the court presumes is the date the motion is filed with this court. In the event that the fifth day falls on a weekend, the response is due by noon on the next day the court is open. Replies may not be filed unless requested by the court. A party is not entitled to additional response time under Rule 6(a) or Rule 6(e) beyond the five calendar days ordered herein.

5

For all purposes in this case, Rule 6(e) shall apply only to documents mailed via the United States Postal Service. Use of any other courier or express service shall be deemed personal service as of the date of delivery for the purpose of computing time limits.

8.     **Final Pretrial Conference: August 9, 2007 at 4:00 p.m.**

Not later than 28 days before trial each party shall serve on all other parties all materials specified in Rule 26(a)(3)(A), (B) and (C).

Not later than seven calendar days before the final pretrial conference each party shall submit to the court its witness list and exhibit list, and shall file and serve all motions *in limine* (and any necessary briefs or documents in support), all proposed voir dire questions, proposed jury instructions, proposed verdict forms, and any objections to an opponent's designations under Rule 26(a)(3). The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Order Governing Final Pretrial Conference, which is attached.

As noted earlier in this order, deposition transcripts are to be filed promptly with the Clerk of Court upon preparation; any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

9.      **Trial: August 20, 2007 at 9:00 a.m.**

Trial shall be to a jury of seven and shall be bifurcated. The parties estimate that this case will take two to three days to try. Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment. A brochure explaining the court's system is included with this order. Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.

10.     **Reporting Obligation of Corporate Parties.**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

11.     **E-Filing**.

Parties in this lawsuit may file documents with the court electronically. If they choose to file electronically, they must follow the court's procedures in order to ensure that the court properly receives and dockets each submission. The court's procedures, FAQ page, and related information may be found at www.wiwd.uscourts.gov.

7

**12. Electronic Notification**

Parties in this lawsuit may receive court notices, briefing schedules and orders electronically. If they choose to participate in this program, they must follow the court's procedures. The court's procedures and related information may be found at www.wiwd.uscourts.gov.

Entered this 5th day of October, 2006.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge